UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMIE JONES,<br><br>　　　　Plaintiff<br><br>　v.<br><br>JOHN TOTH, *et al.*,<br><br>　　　　Defendants. | CIVIL ACTION NO. 3:25-CV-01093<br><br>(MEHALCHICK, J.) |
| JIMMIE JONES,<br><br>　　　　Plaintiff<br><br>　v.<br><br>BILL STIDFOLE, *et al.*,<br><br>　　　　Defendants. | CIVIL ACTION NO. 3:25-CV-01095<br><br>(MEHALCHICK, J.) |
| JIMMIE JONES,<br><br>　　　　Plaintiff<br><br>　v.<br><br>LISA SHERRY, *et al.*,<br><br>　　　　Defendants. | CIVIL ACTION NO. 3:25-CV-01096<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court are three separate complaints all alleging the same facts concerning the arrest of Plaintiff Jimmie Jones ("Jones") on September 15, 2023. Also pending are motions to proceed *in forma pauperis* in all three actions. Because three complaints concern

the same arrest of Jones on September 15, 2023, the Court will consolidate the three actions under Case No. 3:25-CV-01093 and the complaints filed in Case No. 3:25-CV-01095 and Case No. 3:25-CV-01096 will be filed as supplemental complaints in Case No. 3:25-CV-01093. The Court will close Case No. 3:25-CV-01095 and Case No. 3:25-CV-01096. The Court will grant the motion to proceed *in forma pauperis* in Case No. 3:25-CV-01093 and screen the three complaints pursuant to 28 U.S.C. § 1915A. Based on this screening, the Court will dismiss the complaints with leave to amend the pleadings to include an allegation that he was not found in violation of his parole.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On June 16, 2025, the Court received and docketed Jone's three complaints concerning his arrest on September 15, 2023. The first complaint, Case No. 3:25-CV-01093, names the following three Defendants: (1) John Toth ("Toth"), Parole Supervisor for the Pennsylvania Board of Probation and Parole ("the Board"); (2) Eric Cleland ("Cleland"), Parole Agent for the Board; and (3) Frank Fortney ("Fortney"), Parole Agent for the Board. (Case No. 3:25-CV-01093, Doc. 1).

The second complaint, Case No. 3:25-CV-01095, names the following three Defendants: (1) Bill Stidfole ("Stidfole"), a Parole Agent for the Board ; (2) Zeth Fulmer ("Fulmer"), Parole Agent for the Board; and (3) Matt Fischer ("Fischer"), a Parole Agent for the Board. (Case No. 3:25-CV-01095, Doc. 1).

The third complaint, Case No. 3:25-CV-01096, names the following three Defendants: (1) Lisa Sherry ("Sherry"), a Parole Agent with the Board; (2) Nicole Gripp ("Gripp"), a State Trooper with the Pennsylvania Sate Police; and (3) Michael Smith ("Smith"), a State Trooper with the Pennsylvania State Police. (Case No. 3:25-CV-01096, Doc. 1).

All three complaints concern the arrest of Jones on September 15, 2023. Jones starts by alleging that he was on parole under an unlawful extension of his parole to September 7, 2026 at a February 24, 2020 parolee violation hearing. Jones alleges that on the morning of September 15, 2023, Defendants Toth, Cleland, Fortney, Stidfole, Fulmer, Fisher, Sherry were sent to arrest him for an alleged parole violation.  He further alleges that later that morning, the Parole Agents dispatched Defendants Gripp and Smith to assist in executing an unannounced visited to Jones' address. Jones states that at 9:20 a.m., Toth, Cleland, Fortney, Stidfole, Fulner, Fisher, Serry, Michael, and Grip violated his Fourth Amendment right by entering his residence through a third party, Kevin Murphy and Ashely Evens, to violate his expectation of privacy, held him at gun point, detained him in cuffs, and escorted him out of his residence.  He alleges this violated his Eighth Amendment rights of cruel and unusual punishment and his Fourth Amendment rights because there was no affidavit of probable cause. Jones states that the Parole Agents then had Defendants Smith and Gripp read him his rights and had them enter his home to observe the items in plain view through written consent from the offender. Jones alleges this search was conducted without his consent and that Defendants conspired to forge his handwriting. Jones states that this violated his Fourth, Fifth, Eighth, and Fourteenth Amendment Rights:

> The results of these violations has led to 8th Amendment violation by being arrested, abducted form my home, held captive in the Franklin County Jail for a ransom disguised as a bail without and unlawful detainer by the PBPP who enforced expired supervision conditions upon me, placing me in false light through conspiracy by PSPSP and PBPP Trps and parole agents through slander and libel tactics of legal malpractice of conspiring statements, forgery of my signature, pain and suffering, intentional infliction of emotions distress, neglect of freedom, and the deprivation of my rights.
>
> (Case No. 3:25-CV-01093, Doc. 1, at 8).

3

Jones also filed motions to proceed *in forma pauperis*, in all three above captioned actions. The Court will grant Jones *in forma pauperis* status in Case No. 3:25-CV-01093 and dismiss all pending motion in Case No. 3:25-CV-01095 and Case No. 3:25-CV-01096 as moot considering the actions are being consolidated.

## II.  DISCUSSION

### A.  SCREENING STANDARD UNDER 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Hunter is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the

4

complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals*

5

*Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

6

*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### 1. The Complaints Will Be Dismissed Pursuant to *Heck v. Humphrey*

As an initial matter, Jones' challenge to his probation violation and arrest is barred by the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. "[T]he complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S at 487. *Heck* applies to claims involving monetary damages as well as those seeking equitable and declaratory relief. It also applies to parole board decisions. *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006).

An award or decision in Jones' favor would involve addressing the legitimacy of the underlying parole that was extended in the February 2020 hearing, the legitimacy of the specific violation at issue on September 15, 2023, the constitutionality of his arrest, and the constitutionality of the search following his arrest a parole. Because there is no indication that there has been a successful prior adjudication pertaining to Jones' alleged unlawful parole

extension or the alleged violation, it is appropriate to dismiss the complaints without prejudice at this time. Jones will be granted leave to amend his pleadings to include an allegation that there has been a successful prior adjudication pertaining to his alleged unlawful parole violation, i.e. he must allege that he was not found to not be on parole as of September 15, 2023 or he was not found in violation of his parole in association of his September 15, 2023 arrest.

### III.  CONCLUSION

For the above stated reasons, the Court will consolidate all three of his civil actions under a single case number, Case No. 3:25-CV01093, grant the motion to proceed *in forma pauperis*, dismiss the petitions without prejudice, and grant Jones leave to file an amended pleading curing the defect identified above.

An appropriate order follows.

**Dated: October 29, 2025**                                   *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **United States District Judge**